Dario L. CANNON, Petitioner–Appellant,

v.

Gerald JANDA, Respondent–Appellee.

No. 15-15374

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 19, 2016
San Francisco, California

FILED August 05, 2016

Amended September 9, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Stephen B. Bedrick, Esquire, Law Office of Stephen B. Bedrick, Oakland, CA, for Petitioner–Appellant

Pamela Kay Critchfield, Deputy Attorney General, San Francisco, CA, for Respondent–Appellee

Before: GRABER and TALLMAN, Circuit Judges, and EDMUNDS *, Senior District Judge.

## AMENDED MEMORANDUM **

Petitioner Dario L. Cannon appeals the denial of his habeas petition, alleging that the Alameda County Superior Court failed to properly conduct the inquiry required by *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), after the prosecution exercised peremptory strikes against all seven minority veniremembers. On appeal, Cannon pursues only the *Batson* claim with respect to three potential jurors. Cannon further alleges that the trial court erred when finding that the reasons offered by the prosecution for the strikes were race-neutral. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The California Court of Appeal reasonably ruled that the trial court applied the proper legal standards established by the United States Supreme Court. The trial court's references to California cases did not taint the analysis, as our review of the record reveals that the trial court did not ignore *Batson*'s third step. *See Johnson v. California*, 545 U.S. 162, 165, 171–72, 125 S.Ct. 2410, 162 L.Ed.2d 129 (2005). Further, the trial court expressly found that the prosecutor was "truthful" in describing her race-neutral reasons for the strikes. No clearly established precedent required the trial court to do more when analyzing a *Batson* challenge. *See, e.g., id.; Snyder v. Louisiana*, 552 U.S. 472, 477–79, 485–86, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008).

2. Nor has Cannon shown that the California Court of Appeal was unreasonable in deferring to the trial court's judgment in light of the evidence presented. *See* 28 U.S.C. § 2254(d)(2). Our review is "doubly deferential," in that we must uphold the ruling unless it was "objectively unreasonable" to conclude that substantial evidence supported the trial court's credibility determination. *See Briggs v. Grounds*, 682 F.3d 1165, 1170 (9th Cir. 2012). Because the record supports the conclusion that the prosecution's strikes did not rest on an impermissible ground, the state appellate court was not "objectively unreasonable in concluding that [the] trial court's credibility determination was supported by substantial evidence." *Id.*

3. All remaining issues on which a certificate of appealability was granted *other than* those pertaining to the three veniremembers have been waived by Cannon's failure to argue them in the opening brief on appeal. *Styers v. Schriro*, 547 F.3d 1026, 1028 n.3 (9th Cir. 2008) (per curiam).

**AFFIRMED.**

---

\* The Honorable Nancy G. Edmunds, Senior United States District Judge for the Eastern District of Michigan, sitting by designation.

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.